

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-60006-CIV-JORDAN

KARRIEM MUHAMMAD RAQIB  )
  )
    Plaintiff  )
  )
vs.  )
  )
JAMES S. MOODY, et. al.  )
  )
    Defendants  )
  )

**CLOSED CIVIL CASE**

### Order Granting Motion to Dismiss

Karriem Muhammad Raqib sues Susan Sladden, Stephen Zaharko, and Barbara Hardie under 42 U.S.C. § 1983 and § 1985 for violations of his First, Second, and Ninth Amendment rights, his Fifth and Fourteenth Amendment due process rights, and his right to equal protection under the law. He also claims intentional infliction of emotional distress and unspecified intentional torts. The defendants filed a motion to dismiss [D.E. 58] arguing that this court lacks subject matter jurisdiction and that Mr. Raqib has failed to state a claim under Rule 12(b)(6). For the reasons stated briefly below, the defendants' motion to dismiss [D.E. 58] is GRANTED.[1]

### Standard

The defendants' motion to dismiss should not be granted unless it appears beyond doubt that Mr. Raqib could prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957). I must take the allegations of the complaint as true and must read the complaint to include any theory on which Mr. Raqib can recover. *See Lindner v. Portocarrero*, 963 F.2d 332, 334-36 (11th Cir. 1992).

### Background

The defendants are employees of Florida's Department of Children and Families sued in their official and individual capacities. The amended complaint seeks relief against them for alleged wrongs in connection with litigation in Broward County circuit court between Mr. Raqib

---

[1] Mr. Raqib never responded to the defendants' motion to dismiss. Pursuant to Local Rule 7.1C, failure to respond may be deemed sufficient cause for granting the motion by default.



and his estranged wife, Andrea Evette Scott, over parental responsibilities for their children. The complaint alleges that the defendants committed "negligent torts," namely, that they were aware that Ms. Scott filed false reports of child abuse against Mr. Raqib and did nothing in response to those reports. He seeks relief for other unspecified torts and for violations of his constitutional rights. The claims against the other defendants – Ms. Scott, Alfred Horowitz, Robert Carney, and the Seventeenth Judicial Circuit – have all been dismissed for failure to state a claim [D.E. 33, 40, 44]. Mr. Raqib voluntarily dismissed his claims against James Moody [D.E. 57].

## ANALYSIS

As an initial matter, the Eleventh Amendment provides absolute immunity for state officials sued in their official capacities. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 609 n.10 (2001). Accordingly, the claims against the defendants in their official capacities must be dismissed.

Mr. Raqib alleges that this court has authority to hear his case pursuant to federal question jurisdiction as provided in 28 U.S.C. § 1331. Mr. Raqib's claims against the defendants ultimately stem from their alleged nonfeasance in relation to the state court litigation between Mr. Raqib and Ms. Scott. This nonfeasance, Mr. Raqib alleges, resulted in a violation of his constitutional rights.

This court, however, is not the proper forum for Mr. Raqib's claims. He is essentially requesting relief from state court decisions and determinations. The Supreme Court has held that

> lower federal courts possess no power whatever to sit in direct review of state court decisions. If the [plaintiff] was adversely affected by the state court's decision, it was free to seek vindication of its right in the Florida appellate courts and ultimately, if necessary, in [the Supreme Court]. Similarly if, because of the Florida Circuit Court's action, the [plaintiff] faced the threat of immediate irreparable injury sufficient to justify an injunction under usual equitable principles, it was undoubtedly free to seek such relief from the Florida appellate courts.

*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). *See also Duke v. Texas*, 477 F.2d 244, 253 (5th Cir. 1973); *Kay v. The Florida Bar*, 323 F. Supp. 1149, 1150 (S.D. Fla. 1971). Thus, to the extent that Mr. Raqib seeks redress for constitutional violations perpetrated by or through the Florida state court system, his proper remedy is an appeal to the Florida appellate court. I lack federal question subject-matter jurisdiction over these claims.

Mr. Raqib also claims that the defendants caused him injury by committing various intentional torts. Although the complaint is not specific, I will assume Mr. Raqib is referring the defendants' alleged failure to act on Ms. Scott's false reports of child abuse. Without more, these claims do not give rise to federal question jurisdiction. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasions by private actors."). Not only are these matters for the state appellate court to determine, as discussed above, but Mr. Raqib's complaint also contains no allegations of diversity between the parties, nor does it attempt to invoke the diversity jurisdiction of this court. Accordingly, I lack jurisdiction to hear his claims against Ms. Scott.

## CONCLUSION

The defendants' motion to dismiss [D.E. 58] is GRANTED. The claims against Ms. Sladden, Mr. Zaharko, and Ms. Hardie are DISMISSED WITHOUT PREJUDICE.

All pending motions are DENIED AS MOOT, and this case is CLOSED.

DONE and ORDERED in chambers in Miami, Florida, this 18th day of November, 2002.

_____
Adalberto Jordan
United States District Judge

Copy to:    All counsel of record.